Marjorie F. Lintner
1406 Meadowbrook Ct.
Lafayette, IN 47905
(219) 866-7343

*Plaintiff Pro Se*

-FILED-

SEP 16 2019

At_____M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARJORIE F. LINTNER<br>an individual;<br>Plaintiff,<br>v.<br>JP MORGAN CHASE BANK, N.A, a New York Corporation; and DOES 1 through 100, inclusive,<br>Defendant. | Case No. 4:19CV 92<br><br>JURY TRIAL DEMANDED<br><br>FRAUD, INDIANA CONSUMER FRAUD LAW AND FDCPA VIOLATIONS |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Marjorie F. Lintner (hereinafter "Plaintiff") *pro se*, and for her complaint against Defendant JP Morgan Chase Bank, N.A. (hereinafter "Chase" or "Defendant") requests the Court compel Defendant to honor its agreement with Plaintiff to modify Plaintiff's mortgage and prevent foreclosure under the United States Treasury's Home Affordable Modification Program ("HAMP") as well as the National Mortgage Settlement of 2012. In recent years, financial institutions, including Defendant, have been known to make promises to modify loans and later renege on those promises after homeowners had held up their end of the bargain. Such behavior is abhorrent, especially when the financial institution is operating under a federal program that is specifically designed to prevent foreclosure. The National Mortgage Settlement

1

relief became available in February 2012, after the state attorneys generals joined the federal government's settlement with Ally, Bank of America, Citi, JPMorgan Chase and Wells Fargo following an investigation of foreclosure abuses and other misconduct in mortgage loan servicing.

Plaintiff had made numerous requests to Chase, a participating servicer in HAMP, before and after the National Mortgage Settlement for loan modification relief to no avail. Despite Plaintiff's efforts, Chase has ignored its obligations under the National Mortgage Settlement and HAMP guidelines to permanently modify Plaintiff's loan. As a result, Plaintiff is being wrongfully deprived of an opportunity to repay her mortgage loans and save her home. Defendant's actions frustrate the purpose of the National Mortgage Settlement as well as HAMP and are illegal under the laws of the State of Indiana.

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the action is between parties that are citizens of different states and the amount in controversy is greater than $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1331 inasmuch as the unlawful practices are alleged to have been committed in this District, Defendant regularly conducts business in this District, and Plaintiff resides in this District.

## PARTIES

3. Plaintiff is an individual residing at 1406 Meadowbrook Ct., Lafayette, IN 47905 (hereinafter the "Subject Property") in the County of Tippecanoe.

4. At all times herein mentioned, Defendant JP MORGAN CHASE, N.A. (hereinafter "Chase" or "Defendant"), is and was, a Delaware corporation with headquarters in the State of New York and at all times herein mentioned was conducting

ongoing business in the State of Indiana and claims an interest adverse to the right, title, and interests of Plaintiff in the Subject Property.

## STATEMENT OF FACTS

5.  Plaintiff's FHA loan was originated by Hallmark Home Mortgage LLC, an Indiana Mortgage Licensee, on January 31, 2013.

6.  There is no designated investor or mortgage servicing assignment to show designation of this loan to JP Morgan Chase, N.A.

7.  On or about January 25, 2019, Plaintiff sent a Qualified Written Request (QWR) to Defendant. To date, Defendant has not responded to the QWR, which is a violation of 12 USC 2605 (e)(1)(B). *(Exhibit "A")*

8.  Chase issued a trial loan modification offer in August 2018, setting the monthly payments at $1,232.69 for 11.01.18, 12.01.18 and 01.01.19. *(Exhibit "B")*

9.  Plaintiff made all three trial loan modification payments as required.

10. Chase has refused to process final loan modification, refusing to issue any written statements, approvals or denials.

11. Chase has refused to submit the modification requests for underwriting to the FHA. Since the FHA is the investor and insures the loan, they would be issuing a partial claim to help fund the loan modification.

12. Since the FHA is unaware of the partial claim, they were clearly in the dark on the loan modification process.

13. On January 25, 2019, Ron Morales at Chase, claimed the loan modification process was cancelled because Plaintiff signed the loan modification in two locations instead of one. Errors and omissions would cover any duplicate signatures, which would

3

allow for the enforcement of the loan modification agreement.

14.     On or about January 29, 2019 Plaintiff filed a Motion to Vacate the Foreclosure Judgment (Case Number 79C01-1606-MF-000143). *(Exhibit "C")*

15.     On February 4, 2019 Chase advised Plaintiff that the foreclosure sale date was cancelled due to the Motion to Vacate Foreclosure Judgment.

16.     On February 15, 2019 Catalina Villanueva from Chase informed Plaintiff that FHA cancelled the loan modification process. Chase refused to provide a contact person at FHA so that Plaintiff could verify this information

17.     On February 26, 2019 the hearing on the Motion to Vacate Foreclosure Judgment was held. The Judge ordered that Chase complete a loan modification. The next hearing was set for April 15, 2019. Subsequent to the hearing, the Judge instructed both Chase and Plaintiff to continue discussing loss mitigation options. *(Exhibit "D")*

18.     Chase is in clear violation of CFPB mortgage servicing rules as well, since they have refused to finalize underwriting on the complete loan modification packages submitted.

19.     No mandatory FHA face-to-face meeting was ever conducted, which is a requirement per 24 CFR 203.604.

20.     On or about April 16, 2019, Plaintiff submitted a second full loan modification application packet direct to Defendant (per Defendant's request). Defendant acknowledged that the required documents were received, but never sent them over to FHA for underwriting review.

21.     On or about April 26, 2019, Defendant advised Plaintiff that the loan modification was denied. Additionally, Defendant advised that the loan modification was

4

never submitted to FHA for formal underwriting. This is a clear violation of FHA loan modification underwriting rules.

22. Chase has refused to submit the modification requests for underwriting to the FHA. Since the FHA is the investor and insures the loan, they would be issuing a partial claim to help fund the loan modification.

23. Defendant never submitted a formal loan modification denial, thus not allowing for a formal appeal to be entered by the Plaintiff. This is a clear violation of CFPB law 1024.41(d), otherwise known as Regulation X.

24. Defendant has now set a foreclosure sale date for October 1, 2019.

## COUNT I

### *Violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692*

25. Paragraphs 1 through 24 are realleged as though fully set forth herein.

26. In 1977, Congress passed the FDCPA, 15 U.S.C. §§ 1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Under Section 814 of the FDCPA, 15 U.S.C. § 1692, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Further, the Federal Trade Commission ("FTC') is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA. The authority of the FTC in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Federal Trade Commission trade regulation rule.

27. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3) and suffered damages as a direct and proximate cause of Defendant

misconduct. Plaintiff has suffered actual damages in an amount to be determined; and special damages due to emotional distress.

28.   Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

## COUNT II

*Violation of The Consumer Protection Act Unfair Trade Practices Act (RSA 358-A)*

29.   Paragraphs 1 through 28 are realleged as though fully set forth herein.

30.   Per Regulation of Business Practices for Consumer Protection, also known as the Consumer Protection Act ("RSA 358-A"), an unfair method of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are prohibited and declared unlawful.

31.   As a direct and proximate result of the negligence and carelessness of Defendant as set forth above, Plaintiff suffered, and continues to suffer, general, actual, and special damages in an amount to be determined at trial. Defendant's actions described in the aforementioned paragraphs have caused Plaintiff to suffer extreme emotional distress. Defendant has abused its rights as a lender and/or loan servicer, has engaged in unfair business practices, and has breached several promises as well as fiduciary duties owed to Plaintiff. Defendant's misconduct has caused the Mortgage to undergo improper delinquency and Plaintiff has been wrongfully assessed an improper balance, penalties, late charges, and other fees. As a result, Plaintiff has suffered improper credit reporting and harm to her credit score based upon an illegitimate delinquency. Plaintiff has also incurred court fees to enforce her legal rights, while suffering the slander of her reputation due to illegitimate negative credit reporting and late charges associated with her mortgage account.

## COUNT III

*(Violation of "False Claims Act" (FCA)/ Quit Tam, 31 U.S.C. §§ 3729 – 3733)*

32. Plaintiff realleges and incorporate by reference paragraphs 1 to 31 of this Complaint.

33. 31 U.S.C. §§ 3729 – 3733 allows persons and entities with evidence of fraud against federal programs or contracts to sue the wrongdoer on behalf of the United States Government. In *Qui tam* actions, the government has the right to intervene and join the action. If the government declines, the private plaintiff may proceed on his or her own.

34. Given the aforementioned allegations, Plaintiff has alleged that Defendant has committed fraud with respect to the instant loan, which is regulated by the Federal Housing Administration ("FHA"); therefore, the False Claims Act applies.

35. As a direct and proximate result of the negligence and carelessness of Defendant as set forth above, Plaintiff suffered, and continues to suffer, general and special damages in an amount to be determined at trial. Plaintiff was damaged as a result of Defendant's misconduct. Plaintiff has been wrongfully assessed an improper balance, penalties, late charges, and other fees. As a result, Plaintiff has incurred court fees to enforce her legal rights, while suffering the slander of her representation due to the fact that illegitimate debt balances have been attributed to her and reported to credit reporting agencies and bureaus.

## COUNT IV

### JURY TRIAL DEMANDED

36. Plaintiff demands a trial by jury on all triable issues.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the following relief:

1. Enter a judgment declaring the acts and practices of Defendant complained of herein to constitute a breach of contract and a breach of the covenant of good faith and fair dealing.

2. An accounting of the amounts received by them or their agents and assigns which account for the alleged debt attributed to the Mortgage.

3. Award any actual, special, and/or statutory minimum damages;

4. Award punitive damages for Defendant's wanton and willful misconduct.

5. Award Plaintiff the costs of this action, including the fees and costs of experts, and the monetary equivalent of attorney's fees;

6. Order a judgment for Defendant to make corrections to negative credit reporting and late fees attributed to the mortgage account.

7. Grant Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: September /6, 2019                    Respectfully submitted,

*[signature]*
Marjorie F. Lintner, *Plaintiff Pro Se*
1406 Meadowbrook Ct.
Lafayette, IN 47905
(219) 866-7343